[Cite as *Doran v. Doran*, 2020-Ohio-1583.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PATRICK J. DORAN, | : | APPEAL NOS. C-190296 |
| | | C-190298 |
| JOHN R. DORAN, JR., | : | TRIAL NO. 2017-001082 |
| AMY J. DORAN, | : | *O P I N I O N.* |
| JULIE A. DORAN-DARST, | : | |
| and | : | |
| ERIC J. DORAN, | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| DANIEL J. DORAN, | : | |
| ANASTASIA M. COMBS, | : | |
| DONALD P. MOWRY, | : | |
| and | : | |
| PLATTENBURG & ASSOCIATES, INC., | : | |
| Defendants-Appellants. | : | |

Appeals From:  Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 22, 2020

*Graf Coyne Co., LPA, William R. Graf, Jennifer Loomis, LLC*, and *Jennifer J. Loomis,* for Plaintiffs-Appellees,

*Strauss Troy Co., LPA*, and *Theresa L. Nelson*, for Defendants-Appellants Daniel J. Doran, Anastasia M. Combs and Donald P. Mowry,

*Rendigs, Fry, Kiely & Dennis, LLP*, and *Steven D. Hengehold*, for Defendant-Appellant Plattenburg & Associates, Inc.

**MOCK, Presiding Judge.**

{¶1} Defendants-appellants Daniel J. Doran, Anastasia M. Combs and Donald P. Mowry (collectively, "the former trustees") appeal the judgment of the Hamilton County Probate Court removing them as trustees of the Robert J. Doran Trust dated March 9, 1989, as amended on March 28, 1989, ("Robert's Trust") and the Ida E. Doran Trust dated June 17, 1993, as amended on March 9, 1995, February 27, 1997, and February 8, 2000, ("Ida's Trust") and appointing an interim trustee. Defendant-appellant Plattenburg & Associates, Inc., ("Plattenburg") an accounting firm and Mowry's employer during the time Mowry served as a trustee of Robert's Trust, also appealed the probate court's judgment removing the former trustees and appointing an interim trustee of Robert's Trust and Ida's Trust (collectively, "the family trust"). After our review of the record, we are convinced that the probate court did not abuse its discretion in removing the former trustees from serving as fiduciaries of the family trust and that the former trustees were afforded due process prior to their removal. Accordingly, we affirm the probate court's judgment.

**Background Facts**

{¶2} The grantors of the family trust are Robert and Ida Doran. They had six children who are the beneficiaries of the family trust: Patrick J. Doran, John R. Doran, Anastasia Combs, Daniel J. Doran, Kathleen D. Hegenberger and Robert J. Doran, Jr. John R. Doran died in 2002, and is survived by his five children. Daniel J. Doran and Anastasia Combs are beneficiaries as well as former trustees of the family trust.

{¶3} In Robert's Trust, Robert directed that upon the death of the last to survive of himself or Ida, the trustees were to divide all of the remaining principal

3

and the accumulated and undistributed income into six equal shares or sub-trusts. A deceased child's share was to pass to his or her children. The trustees were to hold these six shares in trust for five years. Robert died before Ida, in November 1993.

{¶4} Under Ida's trust, the trustees were directed to distribute to her children, per stirpes, principal and any undistributed income after the federal and state estate taxes had been paid. Under an agreement made between the six siblings prior to John R. Doran's death, Patrick Doran and John R. Doran agreed to exit from the family business. In exchange, the remaining four beneficiaries, two of whom were trustees of the family trust, agreed, among other things, to be personally liable for the estate taxes that were due at the time of Ida's death. Ida died in May 2004.

{¶5} The federal estate tax closing letter for Ida's trust was issued in March 2007, and the Ohio Certificate of Determination of Final Estate Tax Liability was issued in September 2007. Although the estate taxes had not been paid in full at this time, the former trustees had negotiated with the appropriate government agencies to pay the estate taxes in installments over a period of several years. The former trustees paid the estate-tax installments from the family trust on behalf of four of the beneficiaries.

{¶6} In 2012, the assets from Robert's Trust and Ida's Trust were combined into the family trust. A year later, plaintiffs-appellants Patrick J. Doran and the five children of John R. Doran (collectively, "the plaintiffs-beneficiaries") sued the co-trustees of the family trust for failing to properly account for the trust assets, failing to provide requisite reports to the beneficiaries of the family trust and breaching their fiduciary duties. Ultimately, the plaintiffs-beneficiaries voluntarily dismissed this action without prejudice in March 2015.

{¶7}  In March 2017, the plaintiffs-beneficiaries sued the former trustees and Plattenburg alleging a breach of trust for a variety of reasons including the (1) failure to distribute ("claim one"), (2) failure to administer the trust solely in the interests of the beneficiaries ("claim two"); (3) failure to administer the trust assets impartially and prudently ("claim 3"); and (4) failure to keep beneficiaries reasonably informed ("claim four").  The probate magistrate appointed a special fiduciary to "review the administration of the [family trust]" and file a report with the court.  The special fiduciary's report stated in part:

> The trust records do not show any written correspondence from the trustees to the beneficiaries regarding the trusts, until correspondence between counsel for the [former trustees] and counsel for some of the beneficiaries in 2012.  There were no annual reports or letters with narrative descriptions of trust activity.  None of the records I reviewed included any written record of the balance sheets, annual reconciliations, or receipt and disbursement listings being provided to the beneficiaries by the trustees.

The special fiduciary also included in his report that the family trust was to be divided into six shares or sub-trusts after Ida's death but this was not done.  Additionally, the special fiduciary noted that the trust ledgers did not reference apportionment of estate-tax liability until September 2012, and up until that time estate-tax payments made from the family trust were simply identified as "expenditures."

{¶8} The parties agree that the estate-tax payments made from the family trust on behalf of the four beneficiaries liable for those payments were advancements against their shares of the family trust. The plaintiffs-beneficiaries contend that since they did not receive a distribution from the trust at the same time that the other beneficiaries did, i.e., each time estate-tax payments were paid from the family trust, then interest is due to the plaintiffs-beneficiaries on that amount from the time that the distribution should have been made. The former trustees disagree.

{¶9} Eventually, the former trustees and Plattenburg moved for summary judgment, arguing that the claims were barred by the applicable statute of limitations, and that the plaintiffs-beneficiaries had not submitted any suitable evidence to demonstrate a genuine issue of material fact. The magistrate issued a decision, finding that the statute of limitations barred claims one, three and four, but that there were genuine issues of material fact regarding claim two. In discussing claim two—whether the former trustees had failed to administer the trust solely in the interests of the beneficiaries—the magistrate found that the former trustees had been obligated to terminate Ida's Trust on October 9, 2007, and Robert's Trust on May 20, 2009, but did not do so, and instead, continued to administer both trusts well after the established termination dates. The magistrate also concluded that the exculpation clause in the family trust did not apply to protect the former trustees from their decision to enter into a lease in 2013 for the rental of a trust asset because "[t]he facts which have been proffered to the court in the pleadings, affidavits and Special Fiduciary Report are sufficient to establish that the [former trustees] have acted with reckless indifference to the beneficiaries of the trust." However, whether this "reckless indifference" caused the harm to the plaintiffs-beneficiaries as alleged in claim two was a genuine issue of material fact.

6

{¶10} The plaintiffs-beneficiaries moved to "set aside the portion of magistrate's order granting defendants' * * * motion for summary judgment[;]" specifically, the decision that some of the claims were barred by the statute of limitations. Following a hearing on the matter, the probate court granted the plaintiffs-beneficiaries' motion and denied the motions for summary judgment filed by Plattenburg and the former trustees, allowing all claims to proceed to trial.

{¶11} At that hearing, which occurred in September 2018, the probate court discussed its broad equitable powers and warned that although it did not want to appoint interim trustees, it would do so if the court deemed it necessary in order to be fair to all the parties. The probate judge then informed the parties that he would be presiding over the case to its conclusion.

{¶12} At the status conference in October 2018, the probate court discussed appointing a "new trustee" to supervise the former trustees in the distribution of the remaining trust assets, but the probate judge indicated that he would delay appointing a new trustee for "30 or so" days in order to keep costs down for the beneficiaries of the trust.

{¶13} At the next status conference in December 2018, the plaintiffs-beneficiaries were concerned about the upcoming scheduled sale of a trust asset. The plaintiffs-beneficiaries wanted a special fiduciary appointed to help with the disbursement of the proceeds from the sale. The final estate-tax installment was to be paid from the proceeds of this sale, which meant that the four beneficiaries who were personally liable for that payment would be receiving yet another advance on their share of the family trust. The plaintiffs-beneficiaries were concerned that there would not be enough assets or cash remaining in the family trust to distribute to the plaintiffs-beneficiaries their shares of the trust and the interest that they argued was

due to them because of the former trustees choosing to make non pro-rata distributions from the family trust over the years. When the probate court asked the former trustees how much cash was remaining in the trust, they said that they did not have that information. At this point, the probate court, sua sponte, removed the former trustees from their fiduciary positions of the family trust and appointed an interim trustee. However, the probate court did not immediately journalize a judgment entry removing the former trustees from their positions because the court was trying to facilitate the sale of a trust asset and was not sure if there was time to appoint a new trustee prior to the already-scheduled closing.

{¶14} In January 2019, after the sale was completed and the last estate-tax installment had been paid, the former trustees moved to distribute the remainder of the trust and sought fees for their services as trustees, among other things. The plaintiffs-beneficiaries objected, asking the court to move forward with the removal of the former trustees from their positions. At the status conference held on April 9, 2019, the parties argued over whether the trustees should be removed. The plaintiffs-beneficiaries argued that the former trustees had not administered the trust effectively, i.e., they should have distributed the trust ten years earlier, and the former trustees had failed to act impartially by failing to make pro-rata distributions and then refusing to pay interest to the plaintiffs-beneficiaries for use of trust assets to pay estate taxes that only four beneficiaries were required to pay. The former trustees argued that they should not be removed because the plaintiffs-beneficiaries had not proved that the former trustees had breached any of their fiduciary duties in the administration of the family trust and that they deserved their day in court to defend themselves against the plaintiffs-beneficiaries' accusations.

{**¶15**} Following these arguments, the probate court removed the former trustees from their positions over the family trust "based on what [the court] know[s] about this case" and appointed an interim trustee. The probate judge also froze the assets in the family trust and stated, "But I understand both sides don't trust either side, so that happens all the time in lawsuits. But it is kind of weird that in a trust one side has controlled the trust for a long period of time with a lot of bumps in the road * * * I agree with the [former trustees] that there should be some type of trial whether it's through stipulations or testimony."

{**¶16**} The former trustees and Plattenberg now appeal the probate court's judgment essentially asserting the same assignments of error: that the trial court abused its discretion in removing the former trustees from their positions over the family trust (1) without notice or an evidentiary hearing and (2) where the record lacked evidence to support their removal. We consider these assignments of error together for purposes of this decision.

## Removal of Trustees

{**¶17**} Under R.C. 5807.06(A), a probate court may remove a trustee on its own initiative if: (1) the trustee has committed a serious breach of trust; (2) there is a lack of cooperation among trustees that substantially impairs the administration of the trust; or (3) "[b]ecause of * * * persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries." R.C. 5807.06(B)(1), (2) and (3). The decision whether to remove a trustee lies within the sound discretion of the probate court, and an appellate court will not reverse that decision absent a showing of a clear abuse of that discretion. *Ulinski v. Byers*, 9th Dist. Summit No. 27267, 2015-Ohio-282, ¶ 14.

{¶18} Although the probate court did not indicate on which prong of R.C. 5807.06(B) it relied to remove the former trustees, it is clear from the record the court did not remove the trustees because they were uncooperative with each other. While it would have been better for the court to articulate its reasons for removal, it is not necessary. Based on the probate judge's statements at the time the former trustees were removed, we conclude that the probate court removed the former trustees because of their persistent failure to administer the trust effectively, and their removal was in the best interest of the beneficiaries. First, the probate judge indicated that he agreed with the former trustees that a trial was necessary to determine whether they had breached the trust. Thus, the court would not have removed the trustees because it had determined they had committed a serious breach of the trust. Second, the probate judge indicated that it was strange that one party to the lawsuit had controlled the trust for a long time "with so many bumps in the road." This statement best fits with the notion that there had been issues along the way with the administration of the trust that did not necessarily serve the best interests of all the beneficiaries. Accordingly, we now review the record to determine if the probate court abused its discretion in removing the trustees under R.C. 5807.06(B)(3)—because the trustees had persistently failed to administer the trust effectively, the removal of the trustees best serves the interests of the beneficiaries.

**Evidentiary Basis**

{¶19} After reviewing the record, we hold that the probate court did not abuse its discretion in removing the former trustees under R.C. 5807.06(B)(3). First,

the probate court had before it the magistrate's finding[1] that the former trustees had been required to terminate the family trust at the latest by May 20, 2009, but had not done so. Ten years later, the former trustees were still administering the trust and as of 2013, still entering into lease agreements with respect to trust assets. Interestingly, the former trustees, two of whom were liable for Ida's estate taxes, did not move to terminate and distribute the trust assets until the estate taxes had been paid in full. Given the circumstances in this case, failing to distribute the family trust to the beneficiaries at the required time supports the determination that it would be in the best interests of the beneficiaries to remove the former trustees.

{¶20} Second, the court had before it the special fiduciary's report indicating that although the former trustees had been administering the family trust since Ida's death in 2004, there had been no written communication to the beneficiaries about the administration of the trust until 2012 when the plaintiffs-beneficiaries had hired counsel to help them obtain that information. The plaintiffs-beneficiaries had submitted affidavits to the court indicating that they had not been provided with information from the former trustees as to how the initial proposed distribution dated April 14, 2014, was calculated. Finally, in 2018, the plaintiffs-beneficiaries had to again request information from the former trustees as to the amount of cash and assets remaining in the trust, which the former trustees did not provide until

---

[1] The former trustees contend that the probate court cannot rely on the magistrate's findings because the probate court "threw out" the magistrate's decision. That is not reflected in the record. The record before us demonstrates that the plaintiffs-beneficiaries objected to a portion of the magistrate's decision, and the probate court granted those objections and overruled that portion of the magistrate's decision. The former trustees did not timely object to any of the magistrate's findings, and may not contest them now. *See Galloway v. Khan*, 10th Dist. Franklin No. 06AP-140, 2006-Ohio-6637, ¶ 14. The probate court did not "throw out" the magistrate's decision; it simply said it was not going to remand the matter to the magistrate and, instead, chose to preside over the case going forward.

required to do so by the probate court. Given that a fundamental duty of a trustee, *see* R.C. 5807.13, is to keep beneficiaries informed as to the administration of the trust, the former trustees lackluster effort to do so was sufficient to justify their removal as trustees.

{¶21} Based on the foregoing, we hold that the probate court did not abuse its discretion in removing the former trustees from their positions.

### Due Process

{¶22} The former trustees argue that they did not have notice that the probate court was going to order their removal in April 2019. That argument is disingenuous. The probate court repeatedly warned the parties that new trustees would be appointed if that were necessary to be fair to all parties. Further, although the trial court sua sponte removed the trustees in December 2018, it did not journalize that entry until several months later. Given that the probate court had said it was going to remove the former trustees from their position in December 2018, and given that the plaintiffs-beneficiaries asked the trial court to proceed with the removal of the former trustees in February 2019, we cannot say that the former trustees were not on notice that their removal would be an issue at the April 2019 status conference.

{¶23} The former trustees also contend that they were entitled to a hearing before they were removed from their position. R.C. 5807.06(A), on its face, does not require a hearing, notice or even "findings" by the court prior to removing a trustee from his or her duty. "Even so, due process may require a hearing prior to the removal of a fiduciary. * * * The requirement of a 'hearing' may be * * * had simply of the papers filed." *Ulinski*, 9th Dist. Summit No. 27267, 2015-Ohio-282, at ¶ 16-18.

{¶24} Here, the former trustees had an opportuinity to defend themselves. The probate court considered the arguments made by the parties at the April 2019 status conference hearing before journalizing an entry removing the former trustees, and the probate court had before it all the papers that had been filed in the case up until that point, including the special fiduciary's report.

{¶25} Thus, in light of the probate court's repeated warnings to the parties that new trustees may be appointed, we hold that the former trustees were on notice that they may be removed from their positions. We also hold that a hearing occurred before the probate court removed the former trustees from their positions given the "written papers" before the probate court and that the former trustees were afforded an opportunity to defend themselves at the status conference in April 2019.

{¶26} Because the probate court's decision to remove the former trustees from their positions was reasonably based on facts evident in the record, and because due process was satisfied before the removal of the former trustees, we overrule the assignments of error set forth by the former trustees and Plattenburg. Accordingly, we affirm the trial court's judgment.

Judgment affirmed.


ZAYAS and BERGERON, JJ., concur.

Please note:
        The court has recorded its own entry on the date of the release of this opinion.